## N. Y. SUPERIOR COURT.

CHARLES R. TOWNSEND and THEODORE E. TOWNSEND, plaintiffs and respondents, agt. THE MERCHANTS' INSURANCE COMPANY OF PROVIDENCE, R. I., defendant and appellant.

In an action on a policy of insurance to recover for a loss of goods by fire, composed principally of teas, it is incompetent to admit evidence proposed by the defendant to show not a general custom, but as to the business habits of a limited number of tea merchants in keeping or carrying a certain amount of teas, for the purpose of discrediting plaintiff's testimony as to the amount of tea claimed to have been on hand at the time of the loss.

It is proper on such trial to admit in evidence, on the part of the plaintiff, offers of compromise made by the defendant in settlement of the loss, as bearing upon the question of the sufficiency of the proofs of loss, such sufficiency being a controverted question in the case.

*General Term, May,* 1873.
*Before* BARBOUR, *C. J.,* FREEDMAN *and* SEDGWICK, *JJ.*
APPEAL from judgment in favor of the plaintiffs.

SAMUEL JONES, *for appellant.*
OSBORN E. BRIGHT, *for respondents.*

*By the Court,* FREEDMAN, *J.*—This is an action upon a policy of insurance, and the appeal is from the judgment only. The case appears to have been ably, fully and fairly tried, and to have been submitted to the jury under an elaborate charge, to which no valid exception will lie. There seem to be but two exceptions which deserve to be specially noticed.

The first relates to the exclusion of certain testimony

offered by defendant with a view of showing the line of teas which other retail grocers than the plaintiffs carry in Jersey City, and in certain parts of the city of New York, according to their stock and the size of their stores. The object was to thereby discredit the testimony of one of the plaintiffs as to the amount of tea claimed to have been on hand at the time of the fire. The proposed inquiry, therefore, was not as to the existence of a general, uniform and unvarying custom, with which to charge the plaintiffs, assuming that such could be done, but as to the business habits of a limited number of third parties engaged in a somewhat similar business. Such evidence is incompetent. *Phœnix Fire Ins. Co.* agt. *Philip,* (13 *Wend.,* 81) is an express authority upon this point.

The other exception relates to the reception in evidence of an offer of compromise by defendant. No question was raised as to any want of authority in the agent who made it; but defendant objected solely upon the ground that it is incompetent to prove offers of settlement. The testimony was admitted as bearing upon the question of the sufficiency of the proofs of loss; and such sufficiency was a controverted question in the case. The policy provided that, until such proofs be furnished, the loss should not become due and payable. Upon this point the evidence was admissible. Nor did it appear that the offer was made without prejudice, or upon the faith of the success of a pending negotiation. It is only confidential overtures of pacification, and offers or propositions expressly stated to be made without predudice, that are excluded on grounds of public policy (1 *Greenl. on Ev.,* § 192).

No error was, therefore, committed in admitting said evidence for the purpose referred to, and no harm can have accrued from its reception to the defendant, for the reason that, upon the other branch of the case, the jury were expressly instructed to render a verdict for the defendant absolutely, in case they found that plaintiffs had been guilty of any fraud. Upon this latter point the charge was emphatic;

Townsend agt. Merchants' Insurance Co.

and if it was not explicit enough to suit the views of defendant's counsel the court might and should have been requested to specifically cover the point alleged to have been left in doubt. But no such request was made as regards the said offer.

The judgment should be affirmed, with costs.

BARBOUR, C. J., and SEDGWICK, J., concurred.